### KASUBA et al. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. December 8, 1924.)

No. 3455.

1. **Conspiracy** ⬥48—**Evidence held sufficient to raise issue whether accuseds interested in unlawful manufacture and transportation of beer.**

Evidence on trial for conspiracy *held* sufficient to raise issue whether accuseds were interested in manufacture and transportation, in violation of National Prohibition Act, tit. 2 (Comp. St. Ann. Supp. 1923, §§ 10138½–10138½z), of beer found on premises leased by them and in truck load of beer seized by revenue agents.

2. **Criminal law** ⬥424(1)—**Statement of defendant implicating codefendant held competent against defendant, but not against codefendant.**

Statement by one defendant that defendants had been using quite a lot of beer at their place of business, and that codefendant was his partner, *held* competent against defendant making it but not against codefendant.

In Error to the District Court of the United States for the Eastern District of Wisconsin.

Adam Kasuba and another were convicted of conspiracy to unlawfully manufacture, transport, possess, barter, sell, and deliver intoxicating liquors for beverage purposes, and they bring error. Affirmed.

James E. McCarthy, of Milwaukee, Wis., for plaintiffs in error.

Roy L. Morse, of Milwaukee, Wis., for the United States.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. Plaintiffs in error were convicted and sentenced under an indictment charging them with conspiring together and with others unknown to commit an offense or offenses against the United States of unlawfully manufacturing, transporting, possessing, bartering, selling, and delivering intoxicating liquors for beverage purposes, alleging 400 gallons to have been made and stored in the basement of 256–258 First avenue, Milwaukee, and to be transported by persons named in the indictment, and alleging as overt acts the manufacture, possession, transportation, and sale of beer in violation of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, §§ 10138½ to 10138½z).

[1] A truck load of beer about to be unloaded at a downtown hotel was traced by the revenue agents as coming from these premises where defendants were admittedly connected with a restaurant and soft drink establishment at No. 258. Investigation showed a full-fledged "home-brew" outfit in active operation in a basement at No. 256, and 57 cases of the manufactured article, 275 gallons of mash, and other articles employed in making and bottling beer. Defendants stoutly maintain that they had nothing to do with making the beer; that Heggi was manager for his wife of the business at No. 258 and Kasuba a bartender there. It seems the Heggis had bought out the place, taking a lease of No. 258 and the rear half of No. 256, and the second floor as well. A partition divided the main floor of No. 256, the front half being occupied by a wholesale cigar store, and the rear as a sort of storeroom for the business at No. 258. This rear half of No. 256 was connected with No. 258 by an opening in the partition between them, and the only

means for entering or leaving the basement under 256, wherein the home-brew was being made, was a trapdoor in the floor of the rear room of 256, which was part of the Heggi establishment.

[2] Defendants testified that the beer was being made by a man who boarded and roomed with Heggi, and that neither of the defendants had anything whatever to do with it; but they testified that for months they had been taking and selling in No. 258 of this very beer as much as 25 cases weekly. One of the men who was on the truck which was delivering the beer at the hotel proved to be a regular employee on weekly wages of the Heggi place, but he testified he had nothing to do with the delivery of the beer, but was merely taking a ride down town on the truck, at a time of the day when it would be expected he would be attending to the duties for which he was employed at Heggi's. One witness testified that when the beer was being destroyed Kasuba said they were "using quite a bit at the place, and the rest are selling out; we have a few customers," and that Heggi was his partner. This statement was, of course, competent against him, but not against Heggi, and the court so instructed the jury.

Quite apart from the admitted fact that for a number of months these men afforded an outlet for the disposal of this concededly illicit beer, which to their admitted knowledge was being made in the place described, the evidence fairly raised the issue whether or not they were interested in the manufacture and transportation of all this beer, including that taken to the hotel, and this question of fact was determined adversely to them.

Some other propositions were argued in support of highly technical allegations of error, but we find no merit in them, and nothing wherefor the judgment should be reversed. It is accordingly affirmed.